UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM DONALD RITTER,             )<br>                                                             )<br>                    Plaintiff,             )<br>          vs.                                         )          No. 4:06-cv-21-JDT-WGH<br>                                                             )<br>MIKE DEATRICK, et al.,              )<br>                                                             )<br>                    Defendants.          ) | |

**Entry Discussing Motion for Summary Judgment**

William Ritter was confined at the Harrison County Jail ("Jail") for the last five (5) months of 2005. Contending that the conditions of his confinement and his treatment violated his federally secured rights, Ritter brought the present civil rights action seeking damages and injunctive relief. Because he is no longer confined at the Jail, the claim for injunctive relief is moot. *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief ... become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same). The Sheriff and the other defendants (collectively "Sheriff") seek resolution of the claims for damages through the entry of summary judgment. This resolution is warranted "where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

For the reasons explained in this Entry, the Sheriff's motion for summary judgment must be granted.

**I. Background**

Ritter presents seven (7) distinct claims in this case. These claims are the following:

Claim one - On December 16, 2005, Ritter was denied medical treatment of "excruciating testicular pain."

Claim two - On December 20, 2005, Ritter was forced to listen to religious music for approximately two (2) hours.

> Claim three - Captain LaHue assaulted Ritter on December 21, 2005.
>
> Claim four - On December 21, 2005, Ritter was forced to sleep on the floor in his cell, despite the availability of beds in other cells.
>
> Claim five - Captain LaHue assaulted Ritter on December 22, 2005.
>
> Claim six - In mid-December 2005, Ritter was denied participation in a program entitled "Inmate Development Committee" because of his religious beliefs.
>
> Claim seven - On December 30, 2005, Captain LaHue requested that another inmate "bring harm" to Ritter.

Ritter has not responded to the Sheriff's motion for summary judgment. The consequence of this is that the motion may be resolved based on the evidentiary materials the defendants have submitted. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004).

## II. Discussion

The Sheriff's motion for summary judgment is based on two arguments. The first argument is that several of Ritter's claims are not properly before the court for procedural reasons. The second argument is that the remaining claims fail for other reasons.

### A. Exhaustion

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by the plaintiff in his complaint. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The pleadings and the evidentiary record, construed in a manner most favorable to Ritter as the non-movant, show that 1) the Jail had a grievance procedure for inmates at the time Ritter was confined there, 2) Ritter's claims in this action are based on treatment which are within the scope of the Jail's grievance program, 3) the grievance procedure just described requires that a written grievance be filed, and 4) Ritter did not file a grievance regarding the treatment or conditions asserted in claims one, three, five, six and seven of the complaint.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004) ("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies.").

Accordingly, the defendants have met their burden of showing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law regarding Ritter's failure to exhaust available administrative remedies as to the treatment or conditions asserted in claims one, three, five, six, and seven of the complaint. *See Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005). As to these claims, therefore, the Sheriff's motion for summary judgment is **granted** and these claims must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### B. Claims Two and Four

The Sheriff does not contend that there was a failure to exhaust administrative remedies as to claims two and four. These claims, respectively, are that on December 20, 2005, Ritter was forced to listen to religious music for approximately two (2) hours, and that on December 21, 2005, Ritter was forced to sleep on the floor in his cell, despite the availability of beds in other cells.

"Generally, confinement of pretrial detainees may not be punitive, because 'under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt.'" *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995)(quoting *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)). The conditions associated with claims two and four do not cross the boundary of punitive treatment. Music was played at a certain level on December 20, 2005, in order to offset Ritter's screaming threats and vulgarities. When Ritter complained of the content of the music, a different genre was selected and ultimately Ritter ceased his screaming. When he calmed down, the music was turned off. This was not torture and was "reasonably related to a legitimate and non-punitive government goal." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427-28 (7th Cir. 1996) (citing *Bell,* 441 U.S. at 539). As to claim four, sleeping for a night as Ritter describes it is not extreme. *Johnson v. Pelker,* 891 F.2d 136, 138-39 (7th Cir. 1989); *see also Mann v. Smith,* 796 F.2d 79, 85 (5th Cir. 1986) (the Constitution does not require elevated beds for prisoners); *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985) (same). The facts associated with these claims thus show that there was no violation of Ritter's right to be free from conditions amounting to punishment associated with the incidents he has described. *See Rapier v. Harris,* 172 F.3d 999, 1006 (7th Cir. 1999) ("to violate a pretrial detainee's due process rights, prison officials would have to intend for him to die or to suffer grievously, or they would have to act indifferently to a known risk that he would die or suffer grievously") (citing cases). Without a predicate constitutional violation, one cannot make out a *prima facie* case under 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

In addition to the foregoing, the Sheriff contends that he is entitled to summary judgment as to claims two and four because Ritter has not alleged physical injury associated with them. The Sheriff is correct that a different provision of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), precludes a claim by an incarcerated individual for emotional injury where there is no accompanying physical injury. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." "Section 1997e(e) as enacted is . . . simple to understand. A 'prisoner' cannot bring an action for mental injury unless he has suffered

physical injury too." *Kerr v. Punkett,* 138 F.3d 321, 323 (7th Cir. 1998). On this basis, the Sheriff's motion for summary judgment is also well-founded and must be granted as to claims two and four.

### III. Conclusion

The Sheriff's motion for summary judgment is granted. Judgment consistent with this Entry shall now issue. The dismissal of claims two and four shall be with prejudice, while the dismissal of claims one, three, five, six, and seven shall be without prejudice.

**IT IS SO ORDERED.**

_____

John Daniel Tinder, Judge
United States District Court

Date: 09/18/2006